UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

CURTIS O. JACKSON,

        Plaintiff,                Case No. 2:16-cv-144

v.                                        Honorable Paul L. Maloney

KAREN A. BAHRMAN,

        Defendant.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's due process and equal protection claims on the grounds that Defendant is immune from suit for damages for her actions taken to prosecute Plaintiff, and Plaintiff's demand for an injunction on these claims is barred by *Heck v. Humphrey*. The Court will serve Plaintiff's First Amendment claim against Defendant Bahrman.

**Factual Allegations**

Plaintiff Curtis O. Jackson presently is incarcerated at the Marquette Branch Prison, where he is continuing to serve multiple sentences imposed in 1999, 2001 and 2008. He sues Alger County Prosecutor Karen A. Bahrman.

Plaintiff alleges that, in March 2015, apparently while Plaintiff was on parole, Defendant Bahrman authorized criminal charges against Plaintiff for the crime of aggravated stalking. Plaintiff claims that he did not have notice of the personal protection order (PPO), so he could not be guilty of aggravated stalking. Plaintiff contends that Defendant Bahrman was aware that Plaintiff did not qualify for the offense, did not have notice, and did not have a hearing to contest the PPO. He therefore asserts that Defendant Bahrman, by authorizing charges, violated his rights to both procedural and substantive due process.

Plaintiff also contends that Defendant Bahrman's conduct violated the Equal Protection Clause of the Fourteenth Amendment, because Bahrman discriminated against him on the basis of his custodial status as a state prisoner. He alleges that other unspecified individuals were treated differently and were provided PPO hearings before being charged with aggravated stalking.

In addition, Plaintiff alleges that Defendant Bahrman violated his rights to free speech and expression since December 2014, because she had Plaintiff's outgoing mail addressed to law schools and organizations censored or destroyed, allegedly because the mail contained criticism of Bahrman and accused her of engaging in prosecutorial misconduct.

Plaintiff seeks injunctive relief barring Bahrman from maliciously prosecuting Plaintiff. He also seeks compensatory and punitive damages and declaratory relief.

**Discussion**

    I.    <u>Prosecutorial Immunity</u>

Defendant Bahrman is entitled to absolute immunity from damages for her actions in prosecuting the Plaintiff for aggravated stalking. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). Obviously, authorizing charges and pursing criminal prosecution is part of the prosecutor's role as an advocate. Accordingly, Defendant Bahrman is entitled to absolute immunity from damages for her actions taken to prosecute Plaintiff. The Court will address Plaintiff's claim for injunctive relief *infra*.

In contrast, Defendant Bahrman is not immune from damages for her actions taken to interfere with Plaintiff's outgoing mail. Taking Plaintiff's allegations as true, Bahrman interfered either to protect her personal reputation or to further investigate Plaintiff. Such actions would not fall within the prosecutor's role as an advocate. *See Buckley*, 509 U.S. 276-78 (distinguishing investigatory actions from actions taken in role as an advocate).

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal*

plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To the extent that Plaintiff seeks injunctive relief barring Defendant Bahrman from prosecuting him for aggravated stalking, the Court must abstain from addressing the claim under the principles enunciated in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court has held that absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. (*Id.* at 44.) The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, Plaintiff expressly alleges in his complaint that there is an ongoing state judicial proceeding against him. Second, state criminal proceedings involve important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, the state court proceedings provide an adequate opportunity to raise constitutional challenges. Nothing prevents Plaintiff from presenting his federal claims in the pending state-court proceedings. If he does so, and the trial court denies or otherwise fails to consider his constitutional claims, he may exercise his right to an appeal under Michigan law.

Abstention is therefore appropriate in the absence of one of three exceptions to the Younger abstention doctrine in which: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

Plaintiff fails even to allege the existence of any of the three exceptions. According to Plaintiff's complaint, his prosecution for aggravated stalking is ongoing. While Plaintiff implies that the prosecution is conducted in bad faith, he alleges no facts supporting that suggestion. He simply argues that he lacked sufficient notice of the PPO and therefore did not commit aggravated stalking, an issue he may, and undoubtedly will, raise in his state-court proceedings. Moreover, Plaintiff does not challenge any statute, much less a patently unconstitutional one. Finally, Plaintiff fails to demonstrate an extraordinarily pressing need for federal equitable relief. In fact, it appears that Plaintiff, in the interim, has been returned

to prison for parole violations. Relief from prosecution in the new case therefore will not automatically trigger his liberty.

For all these reasons, the Court will dismiss Plaintiff's due process and equal protection claims based on his prosecution by Defendant Bahrman.

Plaintiff also alleges that Defendant Bahrman violated his First Amendment rights over a period of months by censoring or destroying his outgoing mail. Upon initial review, the Court concludes that the allegations are sufficient to warrant service of the complaint.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims based on his prosecution for aggravated stalking will be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) on grounds of immunity and failure to state a claim. The Court will serve the First Amendment claim against Defendant Bahrman.

An Order consistent with this Opinion will be entered.


Dated:  July 20, 2016                     /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          United States District Judge