UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS O. JACKSON,

       Plaintiff,

v.                                          Case No.  2:16-cv-144
                                          HON.  PAUL L. MALONEY

KAREN A. BAHRMAN,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Curtis O. Jackson filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendant Alger County prosecutor Karen A. Bahrman violated his Constitutional rights by censoring his prison mail while wrongfully prosecuting Plaintiff for aggravated stalking.  Defendant Bahrman has filed a motion to dismiss or alternatively for summary judgment (ECF No. 31).  Plaintiff has filed a response (ECF No. 35) and an amended response (ECF No. 57).  Plaintiff filed a motion for summary judgment regarding his supplemental complaint (ECF No. 59).

On March 9, 2015, Defendant Bahrman authorized aggravated stalking charges against Plaintiff for writing a sexually harassing letter to a female MDOC employee and sending the letter to her home address.  A 2013 administrative order prohibited Plaintiff from contacting this employee.  Cease and desist orders were issued that prohibited Plaintiff from contacting other female MDOC employees.  Plaintiff alleges that the charge of aggravated stalking was issued without the existence of a personal protection order (PPO) against him.  Plaintiff asserts that a PPO

must be violated before an individual can be convicted of aggravated stalking. Initially, Plaintiff was found not mentally competent to stand trial. On May 12, 2016, after a preliminary examination was held, Alger County District Court Judge Mark E. Luoma concluded that the cease and desist order issued to prohibit Plaintiff from contacting this female MDOC employee was not a "restraining order" as defined in MCL § 750.411i. Judge Luoma declined to bind over on the aggravated stalking charge. After this ruling, Plaintiff pleaded guilty to misdemeanor stalking.

Plaintiff alleged that Defendant Bahrman had the MDOC forward his outgoing mail addressed to "law schools, legal organizations, and associations" so that she could destroy the mail that criticized her actions in prosecuting the aggravated stalking case. Defendant Bahrman denies that the MDOC provided her with Plaintiff's mail. Plaintiff argues that because the criminal file contained a letter that Plaintiff had written to a female MDOC employee and Defendant Bahrman was also aware that Plaintiff had written the Attorney Grievance Commission regarding asserted misconduct, Defendant Bahrman must have interfered with Plaintiff's outgoing MDOC mail. Defendant Bahrman received from law enforcement investigators the sexually harassing letter Plaintiff sent to a female MDOC employee that initiated the aggravated stalking charge. PageID.116-125. Plaintiff also filed a request for an investigation with the Attorney Grievance Commission regarding his prosecution. The Attorney Grievance Commission informed Defendant Bahrman of that request. PageID.127-130.

Defendant Bahrman filed a motion to dismiss or alternatively for summary judgment. Plaintiff filed a motion for summary judgment. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. Fed. R. Civ. P. 12(d). Summary judgment is appropriate only if the moving party

2

establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

    Plaintiff complains that Defendant Bahrman was acting in concert to censor Plaintiff's mail because of the criminal investigation into Plaintiff's stalking activities.  As support, Plaintiff has presented interrogatory answers from Defendant Huss, from the case of *Jackson v. Nivens*, 1:14-cv-1081.  Defendant Huss stated that Ionia County Correctional Facility Warden Stoddard authorized the search of Plaintiff's outgoing mail in accordance with MDOC Policy

3

Directive 05.03.118 because Plaintiff had been sending sexually explicit letters to corrections, law enforcement, and court employees. ECF No. 57-1, PageID.207-208.

Prisoners have "a First Amendment right to be free from unreasonable mail censorship." *Stanley v. Vining*, 602 F.3d 767, 770 (6th Cir. 2010). However, a prisoner's rights are not violated when a prison official opens legal mail in his presence to determine "if illegal conduct is afoot." *Id*. In order to establish a violation of the First Amendment, Plaintiff must show that the reading or censoring of his mail caused the denial of his right to access the courts or caused some form of censorship of his speech. *Id.* Prison policies regulating outgoing legal mail must "further an important or substantial governmental interest unrelated to the suppression of expression" and must not limit First Amendment freedoms any greater than necessary to serve that interest. *Procunier v. Martinez*, 416 U.S. 396. 413 (1974), overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989).

Defendant Bahrman has presented affidavits from each prison warden employed where Plaintiff was housed during the relevant time period. The wardens attest that they did not receive a request from Defendant Bahrman to "censor or destroy" Plaintiff's outgoing mail addressed to law schools and organizations. ECF No. 31-1, PageID.108-114. The only mail that Defendant Bahrman possessed from Plaintiff was the harassing letter that Plaintiff sent to a female prison employee that was the basis for the aggravated stalking charge. Plaintiff pleaded guilty to misdemeanor stalking. MDOC officials had legitimate reasons for reviewing Plaintiff's outgoing mail. Defendant Bahrman was aware that Plaintiff complained about her conduct to the Attorney Grievance Commission, because the Attorney Grievance Commission notified her of the complaint that Plaintiff had submitted.

To support a claim under 42 U.S.C. § 1983, a plaintiff must plead and prove a violation of a right secured by the United States Constitution or federal laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984). In the opinion of the undersigned, Plaintiff has failed to show that Defendant Bahrman was involved in censoring his outgoing MDOC prison mail. The only actions attributed to Defendant Bahrman were actions taken in the course of the prosecution of Plaintiff for sending a sexually harassing letter to a MDOC female employee. Plaintiff admitted that by sending the letter, he violated the law. As a result Plaintiff pleaded guilty to stalking. As the Court previously explained, Defendant Bahrman is immune from liability for actions taken in prosecuting Plaintiff. Opinion, dated July 20, 2016, ECF No. 5. In the opinion of the undersigned, Plaintiff has failed to establish that Defendant Bahrman took any inappropriate actions that fell outside the scope of prosecutorial immunity.

Plaintiff has moved for summary judgment on the claim asserted in his supplemental complaint. On July 27, 2016, the Court denied Plaintiff's motion to supplement his complaint to add a claim of an unconstitutional arrest. (ECF No. 14). On August 10, 2016, Plaintiff filed a supplement to his complaint asserting an additional claim arising in 2015, during

5

the prosecution of his stalking case. (ECF No. 22). Plaintiff was initially declared mentally incompetent to stand trial after being evaluated by the Center for Forensic Psychiatry. Plaintiff alleges that Defendant Bahrman provided confidential mental health information about him to the complainant, the Inspector at the Alger Correctional Facility, the Inspector at the Marquette Branch Prison, and to witnesses in this case. Plaintiff alleges that Defendant Bahrman provided this information "as a means to update these individuals of plaintiff's mental health status." Fed. R. Civ. P. 15(d) provides that a supplemental pleading may be filed "on motion . . . setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiff violated rule 15(d) by not obtaining a court order to supplement his complaint and by not setting forth a transaction or occurrence that happened after he filed his initial complaint in this action. In the opinion of the undersigned, Plaintiff's supplemental complaint was improperly filed. Further, Plaintiff has not established that Defendant Bahrman took any action outside the scope of her prosecutorial authority regarding any disclosure that Plaintiff was mentally incompetent to stand trial in 2015. On October 29, 2015, the Alger County District Court entered a Finding And Order On Competency, concluding that Plaintiff was incompetent to stand trial and that he was required to undergo treatment. The order specifically stated that "Defendant shall be treated in the corrections mental health program." (ECF No. 60-1, PageID.233). Plaintiff has failed to show that this order was not a matter of public record. In the opinion of the undersigned, Plaintiff's motion should be denied.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment. Accordingly, it is recommended that Defendant's Motion for Dismissal and/or Summary Judgment (ECF No. 31) be

granted and that this case be dismissed in its entirety.  It is further recommended that "Plaintiff's Motion for Summary Judgment Regarding Supplemental Complaint of Constitutional Privacy Right of Medical Information" (ECF No. 59) be denied.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal.  Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:     January 25, 2017             */s/ Timothy P. Greeley*
                                          TIMOTHY P. GREELEY
                                          UNITED STATES MAGISTRATE JUDGE